UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TORY RESHAWN HOPKINS,

    *Petitioner*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

CRIM. CASE NO.: 1:18-cr-20166
CIV. CASE NO.: 1:19-cv-11715
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(R.24)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED** as to his claim that counsel was ineffective for failing to challenge the career offender designation only and **DENIED** as to his remaining claim under *Dean v. United States*, 137 S.Ct. 1170 (2017) and *United States v. Person*, 714 F. App'x 547 (6th Cir. 2017).

## II.    REPORT

### A.    Introduction

Petitioner Tory Hopkins's 28 U.S.C. § 2255 motion to vacate his prison sentence (R.24) is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (R.28.)

On June 13, 2018, Petitioner pleaded guilty to possession with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) pursuant to a Rule 11 plea agreement. (R.16.) A judgment filed

on September 24, 2018 sentenced Petitioner to 130 months on Count One and 60 months on Count Two to run consecutive with the term imposed for Count One. (R.23 at PageID.104.) Petitioner did not file an appeal.

On June 5, 2019, Petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (R.24.) Petitioner also filed a supplemental brief along with his motion. (R.25.) Respondent filed a responsive brief (R.31) and Petitioner replied. (R.32.) All the arguments contained in the above documents have been considered and the motion is thus ready for resolution.

### B. Standard of Review

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims previously brought and denied on appeal are generally not available to petitioners on collateral attack absent "exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). "[A] § 2255 motion may not be

employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). These claims, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather,

3

the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

506 U.S. 364, 369 (1993) (citations omitted).

### C.     Analysis and Conclusions

The petition raises two grounds for relief, citing ineffective assistance of counsel for counsel's: (1) failure to "properly preserve and/or present to this Honorable Court the holding in *Dean v. U.S.*, 137 S.Ct. 1170, 197 L.Ed.2d 490 (2017), where Petitioner could have received (Count Two) S 924(c) count considered concurrently when this holding was clearly available," and (2) failure to "challenge Petitioner's (paragraph 37 in the P.S.R.) Listing offense (Fleeing and Eluding Stat. 750.479A), prior conviction and the (Count 2 offenses) considered against Petitioner as a predicate for career offender purposes pursuant to U.S.S.G. S 4B1.2 in light of Supreme Court

4

and Sixth Circuit Court of Appeals precedent that was clearly available and applicable to Petitioner." (R.24 at PageID.113-14.)

The Government responds by acknowledging that the plea agreement "did not anticipate that Mr. Hopkins qualified as a career offender. However, the Probation Department determined that he was a career offender thereby increasing his guidelines range from 30 to 37 months to 151 to 188 months." (R.31 at PageID.160.) Although he was offered a chance to withdraw his plea, Petitioner did not withdraw; his attorney argued that the 30 to 37 month range was the appropriate range for the district court judge to consider, and the court ultimately sentenced Petitioner below the guideline range to 130 months for Count 1 and 60 months consecutive for Count 2. (*Id.*) The government opines that defense counsel was effective in that he persuaded the court to sentence Petitioner to a sentence that was 21 months below the applicable career offender guideline range. (*Id.*) As to Petitioner's claim that his attorney was ineffective for failing to argue his sentence on Count 2 should run concurrently rather than consecutively, the Government argues that Petitioner misinterprets *Dean* and *Person*, that these case offer no relief to Petitioner; thus, counsel was not ineffective. (R.31 at PageID.162-65.)

As to counsel's failure to object to the career offender designation, the Government contends that such errors are not cognizable in a § 2255 motion because they do not rise to the level of a constitutional error, especially where Petitioner was given a right to withdraw his plea upon learning of the designation and where Petitioner did not appeal. (R.31 at PageID.166-68.) Finally, the Government notes that the two predicate offenses were a controlled substance offense and a crime of violence, not fleeing and eluding and resisting and obstructing as argued by Petitioner. (R.31 at PageID.167-68.) The Government recognizes that the fleeing and eluding and

5

resisting and obstructing convictions could not be used to qualify Petitioner as a career offender. (*Id.*)

Petitioner replies that the Government misapprehends *Dean* and *Persons* which support his claim for relief and that the Government now improperly relies on a past felonious assault conviction as a predicate offense when the record of his sentencing hearing was "silent" as to which offenses were used as predicate offenses for the career offender designation. (R.32.)

1.  ***Dean* and *Person***

In *Dean v. United States*, 137 S.Ct. 1170 (2017), the United States Supreme Court held that "[n]othing in [18 U.S.C.] § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." *Dean*, 137 S. Ct. at 1176-77. The Sixth Circuit applied this holding in *United States v. Person*, 769 F. App'x 222 (6th Cir. 2019). In the instant case, after having reviewed the sentencing transcript, there is nothing in the record to suggest that the sentencing judge thought he was prohibited from considering the fact that Petitioner would also be subject to a consecutive sentence under § 924(c) for possession of a firearm during a drug trafficking crime when sentencing him on the underlying drug trafficking crime. *See United States v. Blewitt*, 920 F.3d 118, 123 (1st Cir. 2019) (denying appellate relief on a purported *Dean* issue where "nothing in the sentencing transcript offers the slightest indication that the district court either was unaware of *Dean* or believed it could not consider the mandatory minimum sentence for the firearms count when determining the sentence for the grouped counts"); *Johnson v. United States*, 2019 WL 3423232, at *3 (W.D. Mich. July 30, 2019) ("On appeal, the Sixth Circuit explained that while *Dean* . . . *allowed* sentencing courts to consider § 924(c) stacked sentences

6

when analyzing the § 3553(a) factors, the 'Supreme Court did not hold that district courts are *required* to factor in § 924(c) mandatory minimums when calculating an appropriate sentence for the predicate offenses.'" (citations omitted)). Accordingly, *Dean* and *Person* do not provide any grounds for relief.

### 2. Career Offender

At sentencing, Petitioner was informed by the sentencing judge that although his plea agreement provided for a sentencing guideline range of 30 to 37 months with respect to Count 1 (possession with intent to distribute cocaine) and a mandatory minimum of 60 months consecutive on Count 2 (possession of a firearm in furtherance of a drug trafficking crime), the presentence investigation report (PSIR) assessed Petitioner's criminal history as qualifying him for a career offender enhancement. (R.30 at PageID.146.) As a career offender, Petitioner's guideline range for Count 1 was 151 to 188 months. After having been informed of the right to withdraw his plea and after confirming that he had reviewed his options with his lawyer, Petitioner indicated, "I want to proceed." (R.30 at PageID.147.) Following allocution, the Court sentenced Petitioner to 130 months on Count 1 and 60 months on Count 2, to be served consecutively.

The PSIR's conclusion that Petitioner qualified as a career offender rested on counting Petitioner's 2015 conviction for felonious assault and Petitioner's 1999 delivery of cocaine under 50 grams conviction as the two qualifying offenses. It is undisputed that the 2015 felonious assault conviction was properly considered a qualifying crime of violence. The more complex question is whether the 1999 conviction for delivery of narcotics was properly counted as a qualifying controlled substance offense under the career offender guidelines.

Under U.S.S.G. § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A controlled substance offense is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense.

U.S.S.G. § 4B1.2(b).

As to the applicable time period in which to consider prior convictions, U.S.S.G. § 4A1.2(e) provides, in pertinent part:

> (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period.
>
> (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.
>
> (3) Any prior sentence not within the time periods above is not counted.

When considering imprisonment imposed for violations of probation or other release, U.S.S.G. § 4A1.2(k) provides:

> (1) In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed

8

> upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable.
>
> (2) Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2) and (e). For purposes of determining the applicable time period, use the following: (A) in the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence (see § 4A1.2(e)(1)); (B) in the case of any other confinement sentence for an offense committed prior to defendant's eighteenth birthday, the date of the defendant's last release from confinement on such sentence (see § 4A1.2(d)(2)(A)); and (C) in any other case, the date of the original sentence (see U.S.S.G. § 4A1.2(d)(2)(B) and (e)(2)).

Under § 4A1.2(e)(2), any qualifying controlled substance conviction for which sentence was imposed within ten years of the commission of the instant offense may be used for career offender purposes, no matter what sentence he or she actually received.

If the sentence for the prior controlled substance conviction was imposed more than ten years but within fifteen years of the commencement of the instant offense, any sentence exceeding one year and one month imposed at the original sentencing occurring within fifteen years of the commencement of the instant offense is counted. U.S.S.G. § 4A1.2(e)(1); *United States v. Edwards*, 2017 WL 4349023, at *3 (N.D. Ohio Sept. 29, 2017) ("Petitioner Edwards was incarcerated for his 1994 federal conviction until November 1999. Edwards' involvement in the instant conspiracy began in 2013. Because his 1994 conviction 'resulted in [Petitioner] being incarcerated during any part of [the prior] fifteen-year period' before commencing the current conspiracy, it counts for the career offender determination.").

A more complicated question arises when the original sentencing for the prior controlled substance conviction occurred between ten and fifteen years of the commencement of the instant

9

offense and was for a sentence less than one year and one month but the petitioner/defendant was also subsequently imprisoned for probation or other release violations. The guidelines direct courts to "[a]lso count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1) Thus, the "total exceeding one year and one month" includes not only the original sentence but also any terms of imprisonment for probation or other release violations. U.S.S.G. § 4A1.2(k).

Therefore, if a person is sentenced for a controlled substance offense to probation (or some other sentence less than one year and one month), and that person later violates his probation, his probation is revoked, and he is sentenced to a term or terms of imprisonment, if the term or terms, when added to any term of imprisonment imposed at the original sentencing, exceed one year and one month, and if he has spent some portion of that total incarceration within fifteen years of commencement of the instant offense, that controlled substance conviction may also be counted and could be a qualifying conviction for career offender designation. *United States v. Wagner*, 429 F. App'x 596, 601 (6th Cir. 2011) (where defendant was sentenced to seven years probation, his probation was violated and he was sentenced to seven years incarceration, "[a]dding the original term of imprisonment (0 years) to the 'term of imprisonment imposed after revocation,' as per U.S.S.G. § 4A1.2(k)(1), yields a total 'sentence of imprisonment' of seven years which exceeds one year and one month" and since he "was last released from incarceration on the 1989 conviction on September 9, 1976 . . . , his continued incarceration falls within the applicable time period outlined in U.S.S.G. § 4A1.2(e)(1)."); *accord United States v. Anderson*, 333 F.App'x 17, 25 (6th Cir. 2009); *Teague v. United States*, 2015 WL 9127133 (E.D. Tenn. Dec. 16, 2015).

In the instant case, Petitioner's 1999 controlled substance conviction was counted based on the probation department's calculations which differed from the original scoring in the plea agreement. The PSIR states:

> The defendant entered a guilty plea to the original charge [of delivery of cocaine under 50 grams] and was sentence[d] to a term of lifetime probation. The defendant violated the terms of his probation by testing positive for cocaine and failing to attend drug treatment. The defendant was sentenced as noted. He violated the terms of his probation on multiple occasions for minor arrests and testing positive for ilicit drugs. The defendant was ultimately returned to custody after he committed a new offense under docket number 05-026587-FH-1 [Saginaw County, Michigan]. He was released from parole on October 14, 2008. He discharged from parole on April 14, 2010.

PSIR at 8. On September 2, 2002, Petitioner violated his probation and was sentenced to "one year to 20 years in custody with credit for 99 days served" and he was paroled on June 29, 2003. PSIR at 7. A series of technical probation violations followed and he was "held under custody" for the following periods of time: 3 days (August 6-9, 2003), 3 days (August 29-September 1, 2003), 3 days (October 21-24, 2003), 3 days (December 15-18, 2003), and 2 days (April 7-9, 2004). Even if these "held in custody" times are added to the one year sentence for probation violation, the total would be one year and 14 days, *i.e.*, less than one year and one month.

The only way to achieve a total in excess of one year and one month for that 1999 controlled substance conviction is to count and add to the total the term of imprisonment that was imposed upon Petitioner under docket 05-026587-FH (for fleeing and eluding and resisting and obstructing and several other misdemeanors) in Saginaw County, Michigan. In that file, as evidenced by the register of actions from Saginaw County, Petitioner was sentenced to prison for 23 months to 5 years on the most serious offense, on April 26, 2006. According to the PSIR in the instant case, Petitioner was released from prison and placed on parole on October 14, 2008. If this term of 23

11

months is added to the one year (or at most one year and 14 days) sentences for probation violations, the total would easily exceed one year and one month. This is how probation concluded that the 1999 conviction could be counted for career offender purposes.

This would be acceptable if Petitioner's probation in the 1999 controlled substance case had been violated and revoked based on these new 2005 offenses and if Petitioner was sentenced in the 1999 controlled substance case for violation of probation based on these 2005 offenses to some term of imprisonment that, when added to the one year (or at most one year and 14 days) exceeded one year and one month. It is common for new charges in a different case file to prompt a probation violation notice and ultimate sentencing in another case where the same defendant is serving a probationary term. Thus, it would not be surprising if the 2005 offenses and ultimate convictions gave rise to Petitioner's probation being violated and him being sentenced for the violation in the 1999 controlled substance case.

However, an examination of the register of actions for the 1999 controlled substance conviction reveals that no action was taken on the 1999 case based on the 2005 offenses. The last entry in the register of actions is dated January 16, 2003, wherein the Michigan Department of Corrections was provided with notice that the Circuit Court had no objection to boot camp. After that, a receipt is noted in 2003, and a letter was sent to Petitioner to pay his fines and costs owed. The only remaining entries were the requests made by the U.S. District Court probation and this judicial officer for copies of the Register of Actions on July 25, 2018 and August 21, 2019, respectively.

Since Petitioner was never sentenced in the 1999 controlled substance case for any probation violation based on the 2005 offenses, he never served a total of imprisonment totaling in excess of one year and one month for the 1999 controlled substance conviction. Thus, this 1999 controlled substance conviction should not have been considered a qualified conviction that could be used to designate Petitioner as a career offender.

This error caused grave consequences for Petitioner. Even though the court sentenced Petitioner below the career offender guideline range of 151-188 months, the sentence of 130 months is 93-100 months in excess of the range that was referenced in the plea agreement (30-37 months) and which, I suggest, was the appropriate advisory range for the sentencing judge to consider.

Petitioner did not file an appeal. Case law has clearly held that collateral review is no substitute for a direct appeal; thus, a "§ 2255 motion must raise one of three allegations: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Diaz v. United States*, 2017 WL 6569901, at *1 (6th Cir. June 23, 2017) (*quoting Weinberger v. United States*, 265 F.3d 346, 351 (6th Cir. 2001)). Here, the sentence imposed did not exceed statutory limits. I could find, as did Judge Karen Nelson Moore, dissenting, that the incorrect career offender designation may constitute a fundamental defect or a due process issue of constitutional magnitude; however, I recognize that the majority opinions of the Sixth Circuit do not support such a conclusion. See, *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) (citing case law concluding that a misapplication of an advisory guideline range, even an erroneous career offender designation, is not cognizable under § 2255 as a fundamental defect or error of constitutional

13

magnitude); *accord Bullard v. United States*, ___ F.3d ___, 2019 WL 4180407, at *5 (6th Cir. Sept. 4, 2019) ("So rather than speculate about when, if ever, an incorrect designation under the advisory Guidelines could create a 'fundamental miscarriage of justice,' the better practice is to broadly repeat what we said in Snyder, '[a] misapplication-of-an-advisory-guidelines-range claim is . . . not cognizable under § 2255.'").

Here, Petitioner also posits a free-standing constitutional argument, that of ineffective assistance of counsel. Case law has repeatedly held that counsel is not ineffective for failing to predict developments in the law. *See, e.g.*, *Bullard*, 2019 WL 4180407, at *5; *United States v. Freeman*, 679 F. App.x 450, 453 (6th Cir. 2017). Here, however, the error in designating Petitioner as a career offender was present on the day of sentencing. There was no change in the law or novel interpretation of the applicable provisions at a later date that revealed the error after sentencing. The guideline provisions affecting this Petitioner are complex, involving working out many different provisions to solve the question of whether the 1999 controlled substance conviction could be counted toward the career offender designation. In addition, the solution to this puzzle required a detailed examination of the register of actions for the convictions found in Petitioner's record. Accordingly, the Court is sympathetic to counsel's reliance on the probation department's expertise, which in the overwhelming majority of the time is completely accurate. However, this unusual error severely prejudiced Petitioner and thus cannot be ignored simply because it was made by an attorney who is an excellent trial attorney. I therefore conclude that the Petition should be granted and Petitioner resentenced without the career offender designation.

### D. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address under any of the grounds raised. I therefore suggest that Petitioner is not entitled to a hearing on any of the allegations raised in his motion.

15

### E. Conclusion

For the reasons set forth above, I recommend granting Petitioner's motion as to ineffective assistance of counsel regarding the career offender designation only.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.

If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 9, 2019            S/ PATRICIA T. MORRIS
                                                                 Patricia T. Morris
                                                                 United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Tory Reshawn Hopkins #56525039 at McDowell Federal Correctional Institution, P.O, Box 1009, Welch, WV 24801.

Date: September 9, 2019             By s/Kristen Castaneda
                                                                 Case Manager