UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff - Respondent,        Case No. 18-20166

v        Honorable Thomas L. Ludington
        Mag. Judge Patricia T. Morris

TORY RESHAWN HOPKINS,

        Defendant - Petitioner.
_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, SUSTAINING RESPONDENT'S OBJECTION ON ALTERNATE GROUNDS, DENYING PETITIONER'S MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING IFP ON APPEAL**

On June 13, 2018 Petitioner pleaded guilty to possession with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) pursuant to a Rule 11 plea agreement. ECF No. 16. After being given an opportunity to withdraw his plea due to a change in his proposed sentencing guidelines, Petitioner declined and was sentenced on September 20, 2018 to 130 months on Count One and 60 months on Count Two to run consecutive with the term imposed for Count One. ECF No. 23 at PageID.104; ECF No. 30 at PageID.146-147. Petitioner did not file an appeal.

On June 5, 2019 Petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 24. Petitioner also filed a supplemental brief along with his motion. ECF No. 25. Respondent filed a response and Petitioner replied. ECF Nos. 31, 32.

On September 9, 2019 Judge Morris issued her report and recommendation. ECF No. 33. Petitioner listed two claims in his motion. Judge Morris recommended (1) denying Petitioner's motion to vacate on the "failure to 'properly <u>preserve</u> and/or <u>present</u> to this Honorable Court the

holding in *Dean v. U.S.*'" claim and (2) granting his motion to vacate for ineffective assistance of counsel for failing to object to the armed career offender enhancement. ECF No. 33 at PageID.181, 183-184, 191 (emphasis in original). Plaintiff-Respondent filed an objection to Judge Morris' recommendation on the ineffective assistance of counsel claim on September 23, 2019. ECF No. 34. No other objections were received. For the following reasons, the government's objection will be sustained but based on alternate reasoning. The report and recommendation will be adopted in part (as to the *Dean v. U.S.* claim) and rejected in part (as to the ineffective assistance of counsel claim), and Petitioner's motion to vacate will be denied.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). "A general objection, or one that merely restates the

arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.*

**II.**

Petitioner entered a guilty plea before Judge Morris on June 11, 2018 to one count of possession with intent to distribute cocaine and one count of possession of a firearm in furtherance of drug trafficking. ECF No. 30 at PageID.144. The original Rule 11 plea agreement outlined a term of 30 to 37 months imprisonment for the first count and a mandatory minimum of 60 months on the firearm charge. *Id.* at PageID.146. However, Petitioner's presentence report reflected Petitioner qualified as a career offender due to a 2000 drug conviction and 2016 felonious assault conviction.[1] *Id.* This determination increased his advisory guideline range to 151 to 188 months. *Id.* at PageID.148. This change was discussed with Petitioner during his sentencing and he was made aware that he could withdraw his plea as a result of the change in his guidelines. *Id.* at PageID.146-147. No reference was made to Petitioner's fleeing and eluding conviction during his sentencing hearing. Petitioner chose to proceed to sentencing instead of withdrawing his plea. *Id.* Ultimately, Petitioner was sentenced below the guideline range to 130 months for the first count and 60 months for the second count to run consecutively. *Id.* at

---

[1] In addition, Petitioner acknowledged in his motion for downward departure that the delivery of drugs and felonious assault convictions qualified him as a career offender. ECF No. 21 at PageID.69.

PageID.155. Petitioner did not file a direct appeal. ECF No. 24 at PageID.111; ECF No. 33 at PageID.190. On May 5, 2019, Petitioner filed his motion to vacate. ECF No. 24.

## A.

In Petitioner's motion to vacate he explained that defense attorney Alan Crawford failed to challenge Petitioner's "(Paragraph 37 in the P.S.R.) Listing offense (fleeing and eluding stat. 750.479A)" for armed career offender eligibility. ECF No. 24 at PageID.114. After Respondent filed its response and explained it was Petitioner's 2016 felonious assault conviction that made him eligible as a career offender, not the fleeing and eluding conviction, Petitioner argued in his reply that "Attorney (Alan A. Crawford) should have challenged petitioner's Felonious Assault pursuant to Mich.Comp.Laws §750.82 is not categorically a crime under petitioner's Shepard Approved documents and/or under U.S.S.G. §4B1.2." ECF No. 32 at PageID.175.

The record reflects that Defense attorney Crawford stated "we understand the 201[6] felonious assault [ ] qualifies him as a career offender" during Petitioner's sentencing. However, Petitioner now explicitly argues that the felonious assault conviction does not qualify him as a career offender in his § 2255 motion. ECF No. 30 at PageID.148. Despite Petitioner's focus on his fleeing and eluding and felonious assault convictions as an insufficient predicate for his career offender status in his motion and reply, Judge Morris concluded, without further explanation, that "it is undisputed that the 201[6] felonious assault conviction was properly considered a qualifying crime of violence." ECF No. 33 at PageID.184.

Next, Judge Morris reviewed Petitioner's 2000 controlled substance delivery conviction. Judge Morris referenced the U.S.S.G. § 4B1.1(a) career offender definition and then analyzed the conviction under § 4A1. ECF No. 33 at PageID.184-191. She completed a comprehensive analysis of whether Petitioner's 2000 conviction met the 10 or 15 year time limit under §

4A1.2(e) and the requisite length of incarceration under § 4A1.2(k). She concluded that the 2000 delivery of narcotics conviction was not eligible for the career offender enhancement under § 4A1.2(e) & (k) because Petitioner did not serve one year and one month incarceration as a result of the conviction. ECF No. 33. Judge Morris recommended granting Petitioner's motion to vacate because Petitioner's drug conviction did not make him eligible for career offender status.

The lone objection to the report and recommendation was from Respondent. The government objected to Judge Morris' conclusion that Petitioner was not a career offender. It argued the term "sentence of imprisonment" refers to the maximum sentence imposed, not on the amount of time Petitioner served in custody as Judge Morris had concluded. ECF No. 34. Respondent asserts Petitioner's 2000 drug conviction did make Petitioner eligible for career offender status. Respondent's contention that Petitioner qualifies as a career offender is correct, but the focus on U.S.S.G. § 4A is misplaced. Therefore, Respondent's objection will be sustained, albeit on alternate grounds.

**B.**

Chapter 4 of the U.S.S.G. has two parts. Part A describes how to score criminal history points generally for most defendants. Part B provides a different set of criteria for evaluating the criminal history of career offenders. If an individual qualifies as a career offender under § 4B1.1(a), "the actual length of a sentence has no bearing on a USSG § 4B analysis other than the USSG § 4B1.2(c) requirements. Application note 1 to USSG § 4B1.2 notes that a 'prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony *and regardless of the actual sentence imposed.*" *United States v. Parson*, 288 F.3d 818, 820 n.1 (6th Cir. 2002). The sentencing guidelines provide

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. §4B1.1(a).

In Petitioner's case, the presentence report identified two predicate offenses – the January 26, 2000 conviction for delivery of narcotics and a September 8, 2016 conviction for felonious assault. The predicate offenses were discussed during Petitioner's sentencing hearing. ECF No. 30 at PageID.148. The definitions for "crime of violence" and "controlled substance offense" for § 4B1.1(a) are defined in §4B1.2. §4B1.2(a) defines a crime of violence as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c). U.S.S.G. § 4B1.2(a)

§ 4B1.2(b) defines a controlled substance offense as,

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. § 4B1.2(b).

The first predicate offense for Petitioner is his 2000 conviction for delivery of narcotics. There is no information in the record about the Michigan statute at issue for his 2000 conviction, but it likely was MCL § 333.7401 ("a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form."). The sentence for an individual who is convicted of an amount less than 50 grams is up to 20 years in custody, a fine of not more than $25,000 or both. MCL § 333.7401(2)(a)(iv). Accordingly, Petitioner's 2000 drug conviction is included in the U.S.S.G. §

4B1.2(b) definition of a controlled substance offense. Accordingly, Petitioner was correctly sentenced as a career offender. Because Petitioner was properly characterized as a career offender, his motion to vacate his sentence will be denied.

**C.**

Magistrate Judge Morris' analysis focused on the drug conviction instead of the felonious assault conviction in her report and recommendation. Even though Petitioner did not file an objection based on the lack of attention to his felonious assault conviction, in an effort to be thorough, it will be addressed. Similar to Petitioner's drug conviction that does not include a state statute reference, there is no statutory reference for Petitioner's 2016 felonious assault conviction. However, the title of the offense at MCL § 750.82 is "felonious assault" and provides that ". . . a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both." The sentencing guidelines provide that if an offense under state law "has as an element the use, attempted use, or threatened use of physical force against the person of another," that is sufficient to be categorized as a crime of violence. U.S.S.G. § 4B1.2(a)(1). The Sixth Circuit has held that Michigan's felonious assault statute qualifies as a crime of violence. *See United States v. Clark*, 704 Fed. App'x 583, 584 (6th Cir. 2017); *United States v. Harris*, 853 F.3d 318, 320–22 (6th Cir. 2017). Accordingly, his felonious assault conviction was also correctly determined to be a predicate offense for his career offender status.

**III.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(b); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, a substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 528 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

**IV.**

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 33, is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Respondent's objection, ECF No. 34, is **SUSTAINED** on alternate grounds.

It is further **ORDERED** that Petitioner Hopkins' motion to vacate his sentence, ECF No. 24, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: March 10, 2020                                    s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Tory Reshawn Hopkins** #56525-039, MCDOWELL FEDERAL CORRECTIONAL INSTITUTION, P.O.BOX 1009, WELCH, WV 24801 by first class U.S. mail on March 10, 2020.

                                                    s/Kelly Winslow
                                                    KELLY WINSLOW, Case Manager