UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Case No. 1:18-cr-20166

v.                                     Honorable Thomas L. Ludington
                                     United States District Judge

TORY RESHAWN HOPKINS,

                                     Honorable Patricia T. Morris
             Defendant.             United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

      This matter is before this Court upon Defendant Tory Reshawn Hopkins's motion for compassionate release. ECF No. 54. For the reasons explained hereafter, Defendant's motion will be denied with prejudice.

**I.**

      In June 2018, through a Rule 11 plea agreement, Defendant pleaded guilty to possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c). ECF No. 16. In September 2018, Defendant was sentenced to 130 months' imprisonment for the cocaine charge and a consecutive 60 months' imprisonment for the firearm charge, to be followed by 3 years' supervised release. ECF No. 23 at PageID.104–05; ECF No. 30 at PageID.155. Defendant did not appeal. *United States v. Hopkins*, No. 18-20166, 2021 WL 1947306, at *1 (E.D. Mich. May 14, 2021).

      On December 7, 2021, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 54. The Government opposes Defendant's motion. ECF No. 55.

As explained below, Defendant's motion for compassionate release will be denied because he has demonstrated neither (1) an extraordinary and compelling reason for release nor (2) that the factors set forth in 18 U.S.C. § 3553 warrant release.

## II.

Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)—a form of relief commonly referred to as "compassionate release." A motion for relief under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

### A.

The first issue is whether, before filing his motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant requested compassionate release from the BOP on August 18, 2021. *See* ECF No. 54 at PageID.287.[1] The BOP denied his request in writing on October 14, 2021. *Id.* at PageID.288. Accordingly, Defendant has exhausted his administrative remedies with the BOP. *See* 18 U.S.C. § 3582(c)(1)(A).

### B.

The next issue is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several reasons that qualify as "extraordinary and compelling." *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal

---

[1] Defendant submitted proof of three requests for compassionate release from the BOP, dated January 25, 2021, ECF No. 54 at PageID.284, February 23, 2021, *id.* at PageID.285, and August 18, 2021, *id.* at PageID. 287. All three requests are practically identical.

judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Recently, the Sixth Circuit endorsed a textual analysis through which courts must look to the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances three reasons for compassionate release: (1) his erroneous designation as a career offender, (2) the COVID-19 pandemic, and (3) his medical conditions. ECF No. 54 at PageID.292–96. Whether considered independently or in combination, those reasons are neither extraordinary nor compelling.

**i.**

Defendant relies on an "erroneous career offender designation" as an extraordinary and compelling reason for release. ECF No. 54 at PageID.296. The Government argues that the career-offender designation "cannot justify release under 18 U.S.C. § 3582(c)(1)(A)." ECF No. 55 at PageID.302 n.1.

Defendant did not raise the career-offender status in his request for compassionate release to the BOP. *See* ECF No. 54 at PageID.287. This Court may consider arguments not presented to the BOP. *United States v. Hart*, No. 1:13-cr-20194, 2021 U.S. Dist. LEXIS 200655, at *3 (E.D. Mich. Oct. 19, 2021); *United States v. De La Cruz*, No. 1:18-cr-20316-02, 2021 U.S. Dist. LEXIS 197763, at *3 (E.D. Mich. Oct. 14, 2021); *United States v. Curney*, No. 1:15-cr-20314, 2021 U.S. Dist. LEXIS 192581, at *4 (E.D. Mich. Oct. 5, 2021). But the purpose of § 3582(c)(1)(A)'s exhaustion requirement is to ensure the BOP can consider an inmate's request first. *See United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020). The BOP has not yet had the opportunity to consider whether Defendant's "erroneous career offender designation" justifies releasing him or reducing his sentence. That designation is not a circumstance exigent enough to remove the BOP from the equation. *See Curney*, 2021 U.S. Dist. LEXIS 192581, at *4. Because Defendant did not exhaust the issue with the BOP, his "erroneous career offender designation" will not be considered.

**ii.**

Defendant cites the COVID-19 pandemic as the "quintessential extraordinary circumstance" for release from prison. ECF No. 54 at PageID.292.

Unfortunately, "Michigan has accumulated the second-highest rate of infections among the nation's state prison systems during the pandemic." Sarah Rahal & Neal Rubin, *Omicron Hits Michigan's Prison's, Which Rank Second in Nation for COVID Cases*, DETROIT NEWS (Jan. 12, 2022, 11:00 PM), https://www.detroitnews.com/story/news/local/michigan/2022/01/13/michigan-prisons-covid-19-infections-among-highest-nation-surge-omicron/9131453002/?gnt-cfr=1 [https://perma.cc/ZDY6-2CVK].

But the CDC maintains that the COVID-19 vaccines "are highly effective at preventing severe disease and death, including against the Delta variant." *See Delta Variant: What We Know*

*About the Science*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html [https://perma.cc/C8SK-RJAA]. Similarly, the CDC states that the "[c]urrent vaccines are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." *Omicron Variant: What You Need to Know*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html [https://perma.cc/SVG4-XQM8].

Despite its devastating effects on prisoners in Michigan, several courts have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A). *United States v. Burlingame*, No. 1:15-CR-20042, 2021 WL 5198510, at *4 (E.D. Mich. Nov. 9, 2021); *see United States v. Bell*, No. 18-20127, 2021 WL 4148251, at *2 (E.D. Mich. Sept. 13, 2021); *United States v. Swarn*, No. 2:14-CR-20599-7, 2021 WL 4077344, at *2 (E.D. Mich. Sept. 8, 2021); *United States v. Proge*, No. 2:12-CR-20052-06, 2021 WL 3857440, at *1 (E.D. Mich. Aug. 30, 2021) ("Nothing about the Delta variant changes the fact that Defendant's 'vaccination status renders his fear of COVID-19 a non-compelling reason to grant him release.'" (quoting *United States v. Wilson*, No. 16-20081, 2021 WL 3417917, at *3 (E.D. Mich. Aug. 5, 2021)). Plus, the Sixth Circuit Court of Appeals has emphasized that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. Traylor*, No. 21-1565, 2021 WL 5045703, at *1 (6th Cir. Nov. 1, 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).

Defendant proffers no reason to depart from that wisdom. And Defendant has already endured, recovered from, and been vaccinated against COVID-19. *See* ECF No. 54 at PageID.283;

- 6 -

ECF No. 55 at PageID.303. In this way, Defendant has demonstrated his resilience against COVID-19 despite his medical conditions.

### iii.

Elaborating on his medical conditions, Defendant mentions that he "suffers from 'ACUTE' Pancreatitus, 'severe' AsthmA, and Diabetes and Also has a bullet lodge in his SKULL and is classified as Obese." ECF No. 54 at PageID.295. The Government contends that Defendant's "type 2 diabetes and asthma, both are controlled by medication currently prescribed to him," and that his remaining diagnoses  are not "conditions that can be more likely to get an individual severely ill from COVID-19." ECF No. 55 at PageID.304.

For the same reason this Court did not consider Defendant's "erroneous career offender designation," *see supra* Section III.B.i, only Defendant's pancreatitis and asthma will be considered. *See* ECF No. 54 at PageID.284, 285 (citing only "acute" pancreatitis and "severe" asthma to the BOP in his requests for compassionate release).

Defendant's asthma is neither extraordinary nor compelling. Asthma is common. *See* Asthma and Allergy Found. of Am., *Asthma Facts and Figures*, https://www.aafa.org/asthma-facts/ [https://perma.cc/VS64-PJPV] (calculating that "about 1 in 13 Americans" has asthma). But according to the CDC, "moderate-to-severe or uncontrolled asthma" is more likely to lead to hospitalization from COVID-19. CDC, *People with Moderate to Severe Asthma*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html [https://perma.cc/MDL7-EKLS]. Yet Defendant has not submitted any medical records indicating that his asthma is "severe." Even so, as the Government points out, Defendant's asthma is "controlled by medication currently prescribed to him." ECF No. 55 at PageID.304. Although untreated "moderate-to-severe or uncontrolled" asthma might warrant release during a viral

pandemic, given that Defendant controls his asthma with medication, his risk of comorbidity with COVID-19 does not warrant release.

Defendant's pancreatitis is neither extraordinary nor compelling. Acute pancreatitis is "uncommon." Johns Hopkins Med., *Acute Pancreatitis*, https://www.hopkinsmedicine.org/gastroenterology_hepatology/_pdfs/pancreas_biliary_tract/acute_pancreatitis.pdf [https://perma.cc/PSQ6-D5AE]. Although rare diseases are likely extraordinary, and common disease likely are not, being uncommon, pancreatitis falls between. But 80 percent of pancreatitis cases are "related to alcohol use or biliary stones." With such a high self-infliction rate, pancreatitis is not extraordinary. Still, "[s]evere cases of [acute pancreatitis] and COVID-19 are characterized by a cytokine storm, which ultimately leads to multiorgan failure and increased mortality." Tiago Correia de Sá, Carlos Soares & Mónica Rocha, *Acute Pancreatitis and COVID-19: A Literature Review*, 13 WORLD J. GASTROINTESTINAL SURGERY, 574, 579 (2021). Yet Defendant has not submitted any medical records indicating that his pancreatitis is "acute." And as with his asthma, Defendant controls his pancreatitis with medication. ECF No. 55 at PageID.304. Although untreated "acute" pancreatitis might warrant release during a viral pandemic, given that Defendant controls his pancreatitis with medication, his risk of comorbidity with COVID-19 does not warrant release.

Finally, as explained, Defendant has demonstrated his resilience against COVID-19 despite having asthma and pancreatitis. *See* discussion *supra* III.B.ii.

For those reasons, Defendant's medical conditions are not extraordinary or compelling.

### iv.

Similarly, Defendant's reasons, taken in concert, do not support a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 747 (6th Cir. 2021) ("[T]he combination of grounds for

release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation).

Therefore, Defendant has not demonstrated an extraordinary or compelling reason for a sentence reduction.

## C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—

> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> . . . .
>
> (5) any pertinent policy statement—
>
> . . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions.") (internal quotation marks omitted). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted).

The burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction.").

Defendant's case is not compelling. First, Defendant does not address the § 3553 factors. In addition, during his September 2018 sentencing, this Court considered various § 3553(a) factors, including the nature of Defendant's offense and his personal circumstances. *See* ECF No. 30 at PageID.155. Defendant does not explain why that analysis was flawed or what, if anything, has changed since his sentencing. Indeed, this Court is unaware of any intervening change in law that would result in a lower guideline range.

As the Government and Defendant note, more than 12 years of Defendant's 190-month sentence remain. *See* ECF No. 54 at PageID.269; ECF No. 55 at PageID.302, 303. And his criminal

history is just as serious as it was in September 2018. Plus, his criminal history includes other drug offenses and violent behavior. *See* ECF No. 55 at PageID.309 (citing Defendant's Presentence Investigation Report). His prior convictions did not abate his proclivity for crime. As indicated, Defendant still presents a danger to society. And his 190-month sentence still reflects the seriousness of his crimes, promotes respect for the law, and provides just punishment.

Finally, Defendant's insufficiently plans to care for his own medical needs post-release. Defendant's motion inconsistently says both that he would and would not "have access to health insurance if released" yet adds that he is "willing to apply for government medical services." ECF No. 54 at PageID.276. He also acknowledges that he would have no community support or transportation to assist in his medical treatment. *Id.* at PageID.278. In prison, his medical needs are met; he has contracted, survived, and since been vaccinated against COVID-19, and he is prescribed and receiving medication for his ailments. *Id.* at PageID.277, 283. The BOP has adequately met Defendant's medical needs, so Defendant's insufficient plan to meet his own medical needs does not justify shaving over a decade from his prison sentence.

For these reasons, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today; the § 3553(a) factors do not warrant a sentence reduction.

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 54, is **DENIED WITH PREJUDICE**.

Dated: January 19, 2022                          s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge